

**U.S. Department of Justice**

Criminal Division
Fraud Section

Washington, DC 20530

*telephone:* (202) 305-7413
*e-mail:* lawrence.atkinson2@usdoj.gov

LRA/PLEA AGR.
2014R00310

August 3, 2015

Gina L. Simms, Esq.
Ober Kaler
1401 H Street, NW, Suite 500
Washington, DC  20005

Crim. No. 15-498 (SDW)

Re:   Plea Agreement with Robert Keilman

Dear Ms. Simms:

This letter sets forth the plea agreement between your client Robert Keilman, the United States Department of Justice, Criminal Division, Fraud Section, and the United States Attorney for the District of New Jersey (collectively, "this Department").

Charge

Conditioned on the understandings specified below, this Department will accept a guilty plea from Robert Keilman to a one-count Information that charges him with conspiracy to commit wire fraud affecting a financial institution and bank fraud, in violation of 18 U.S.C. § 371.  If Robert Keilman enters a guilty plea and is sentenced on these charges, and if he otherwise fully complies with all of the terms of this agreement, this Department will not initiate any further criminal charges against Robert Keilman for matters related to Southern Sky Air & Tours, LLC d/b/a Direct Air ("Direct Air").  Nevertheless, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Robert Keilman agrees that any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Robert Keilman may be commenced against him, notwithstanding the expiration of the limitations period after Robert Keilman signs the agreement.

Sentencing

      The violation of 18 U.S.C. § 371 to which Robert Keilman agrees to plead guilty carries a statutory maximum prison sentence of five (5) years, and a statutory maximum fine of $250,000. Fines imposed by the sentencing judge may be subject to the payment of interest.

      The sentence to be imposed upon Robert Keilman is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Department cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Robert Keilman ultimately will receive.

      Further, in addition to imposing any other penalty on Robert Keilman, the sentencing judge (1) will order Robert Keilman to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Robert Keilman to pay restitution, pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Robert Keilman, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require Robert Keilman to serve a term of supervised release of not more than three (3) years, which will begin at the expiration of any term of imprisonment imposed. Should Robert Keilman be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Robert Keilman may be sentenced to not more than two (2) years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Department Regarding Sentencing

      Except as otherwise provided in this agreement, this Department reserves its right to take any position with respect to the appropriate sentence to be imposed on Robert Keilman by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Department may inform the sentencing judge and the United States Probation

~~Office of (1) this agreement, and (2) the full nature and extent of Robert~~
Keilman's activities and relevant conduct with respect to this case.

Stipulations

        This Department and Robert Keilman agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Department is based on the information and evidence that this Department possesses as of the date of this agreement. Thus, if this Department obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Department shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Department or Robert Keilman from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Department's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

        As set forth in Schedule A, this Department and Robert Keilman waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

        This agreement is limited to the United States Department of Justice, Criminal Division, Fraud Section, and the United States Attorney's Office for the District of New Jersey, and cannot bind other federal, state, or local authorities. However, this Department will bring this agreement to the attention of other prosecuting offices, if requested to do so.

        This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future

against Robert Keilman. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Robert Keilman.

No provision of this agreement shall preclude Robert Keilman from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Robert Keilman and this Department and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ANDREW WEISSMANN
CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

By: _____
L. Rush Atkinson, Trial Attorney
Carol Sipperly, Senior Litigation Counsel


PAUL J. FISHMAN
UNITED STATES ATTORNEY
DISTRICT OF NEW JERSEY

By: _____
Andrew D. Kogan
Scott B. McBride
Assistant United States Attorneys

Case 2:15-cr-00498-SDW   Document 5   Filed 09/23/15   Page 5 of 7 PageID: 21

I have received this letter from my attorney, Gina L. Simms, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                Date: ____8/14/15____
Robert Keilman


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                Date: ____8/12/15____
~~Gina L. Simms, Esq.~~
MICHAEL BALDASSARE, ESQ.

5

Plea Agreement With Robert Keilman

Schedule A

1.     This Department and Robert Keilman recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Department and Robert Keilman nevertheless agree to the  stipulations set forth herein, and agree that the Court should sentence Robert Keilman within the Guidelines range that results from the total Guidelines offense level set forth below.  This Department and Robert Keilman further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level, except that defendant reserves the right to seek a variance pursuant to 18 U.S.C. § 3553(a), based upon, among other factors, his age and health.  The United States reserves the right to oppose any such motion.

2.     The version of the United States Sentencing Guidelines effective November 1, 2015, applies in this case.  The guideline that applies to the Offense is § 2B1.1.  This guideline carries a Base Offense Level of 6.  See § 2B1.1(a)(1)(B).

3.     Because the Offense involved a loss more than $3,500,000 but less than $ 9,500,000, the loss results in an increase of 18 levels.  See § 2B1.1(b)(1)(J).

4.     As of the date of this letter, Robert Keilman has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Offense charged.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Robert Keilman's acceptance of responsibility continues through the date of sentencing.  See U.S.S.G. § 3E1.1(a).

5.     As of the date of this letter, Robert Keilman has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.  If Robert Keilman enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Robert Keilman's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Robert Keilman will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Robert Keilman is 21 (the "agreed total Guidelines offense level").

       7.    Robert Keilman knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 21. This Department will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 21. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. No provision of this agreement shall preclude the defendant from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that the defendant received constitutionally ineffective assistance of counsel.

      10.    Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.